

FILED

MAY 0 1 2008

PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSOULA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | |
|---|---|
| KORI LANE LAKE,               ) | CV 07-72-H-DWM-RKS |
|     Plaintiff,     ) | |
| vs.                           ) | ORDER |
| MIKE MAHONEY,                 ) | |
|     Defendant.     ) | |

    Plaintiff Lake, a state prisoner proceeding pro se, has filed an Amended Complaint alleging claims under 42 U.S.C. § 1983. Pending before the Court is Lake's motion for preliminary injunction. Lake seeks an order discontinuing the behavior management plan imposed upon him after he stated to an officer that he desired to kill a prison psychiatrist.

    United States Magistrate Judge Keith Strong considered the likelihood of irreparable harm to Lake if the plan was not discontinued and Lake's likelihood of success on the merits and concluded that Lake had not met his burden for the issuance of a preliminary injunction. Judge Strong found that Lake would suffer no irreparable injury from the continuation of the behavior management plan and that Lake failed to show that his

-2-

claims would likely succeed on the merits.

Plaintiff Lake did not timely object and so has waived the right to de novo review of the record. 28 U.S.C. § 636(b)(1). This Court will review the Findings and Recommendation for clear error. McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." United States v. Syrax, 235 F.3d 422, 427 (9th Cir. 2000). I can find no clear error with Judge Strong's Findings and Recommendations and therefore adopt them in full.

Accordingly, IT IS HEREBY ORDERED that the motion for preliminary injunction (Doc. No. 13) is DENIED.

DATED this 1st day of May, 2008.

_____
Donald W. Molloy, District Judge
United States District Court