IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

---

| | |
|---|---|
| KORI LANE LAKE | Cause No. CV-07-072-H-DWM-RKS |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |
| MIKE MAHONEY, Warden, Montana State Prison, | TO DISMISS COMPLAINT WITHOUT PREJUDICE |
| Defendant. | |

---

This matter is before the Court on Plaintiff Kori Lane Lake's Complaint and Amended Complaint filed pursuant to 42 U.S.C. § 1983 seeking damages based upon allegations of constitutional violations while incarcerated at the Montana State Prison. The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

On December 3, 2007, this Court granted Plaintiff's motion to proceed in forma pauperis. (Document 8). Plaintiff's address listed on the Court's docket was Montana State Prison. However, Plaintiff is no longer listed on the Department of Corrections website as being incarcerated at the Montana State Prison. Therefore, the Court issued an Order to Show Cause

FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT WITHOUT PREJUDICE –CV-07-072-H-DWM-RKS / PAGE 1

why this matter should not be dismissed for failure to comply with the Court's local rule requiring Plaintiff to immediately notify the Clerk of Court of any change in address. (Document 16). Plaintiff was advised of this requirement in the Court's November 15, 2007 Notice of Case Opening and several other orders. (Documents 4, 6, 8, 11, and 14).

The September 12, 2008 Order to Show Cause was returned in the mail as undeliverable because the inmate had been paroled or discharged. (Document 17). The Court received no response to the Show Cause Order from Plaintiff.

The trial court has discretion under Fed. R. Civ. P. 41(b) in dismissing an action for failure to comply with a court order. *Fendler v. Westgate-California Corp.*, 527 F.2d 1168, 1170 (9th Cir. 1975). However, the Court must consider the following factors before imposing a dismissal as a sanction for failure to prosecute or failure to comply with a court order: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits. *Pagtalunan v. Galaza*, 291 F.3d 639 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)); *see also Dahl v. City of Huntington Beach*, 84 F.3d 363, 366 (9th Cir. 1996); *Thompson v. Housing Auth. of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986) (per curiam), *cert. denied*, 479 U.S. 829 (1986).

"The public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). Given Plaintiff's failure to update the Court with his current address, this factor weighs in favor of dismissal.

FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT WITHOUT PREJUDICE –CV-07-072-H-DWM-RKS / PAGE 2

"The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Pagtalunan*, 291 F.3d 639 (citing *Yourish*, 191 F.3d 983).  Plaintiff was advised of the need to keep the Court updated with his current address pursuant to the Notice of Case Opening mailed by the Clerk of Court upon the filing of Plaintiff's Complaint.  Plaintiff failed to update his address with the Court after he was released from Montana State Prison.  The Court must be able to manage its docket and it cannot do so if it cannot communicate with the Plaintiff.  Therefore, this factor favors dismissal.

"To prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." *Malone v. United States Postal Service*, 833 F.2d 128, 131 (9th Cir. 1987).  Defendants have not been served in this case so there is no immediate prejudice to Defendants. However, given Plaintiff's failure to provide an updated address, the matter could linger indefinitely and prejudice Defendants.  This factor favors dismissal.

The Court considered the possibility of and provided less drastic alternatives. Alternatives may include "allowing further amended complaints, allowing additional time, or insisting that appellant associate experienced counsel." *Nevijel v. North Coast Life Insurance Co.*, 651 F.2d 671, 674 (9th Cir. 1981).  Although the court should consider less drastic alternatives to dismissal, the court is not required to exhaust all such alternatives prior to dismissal.  *Id.*  Again, Plaintiff was warned that a failure to keep the court advised of any change of address could result in a dismissal of his case without notice to him.  (See Documents 4, 6, 8, 11, and 14).  Moreover, the Court has the authority to dismiss a claim when a party fails to notify

the Court of a change of address. See Rule 5.4 of the Local Rules of Procedure for the United States District Court for the District of Montana.

Although the Court could grant Plaintiff additional time to respond, this alternative would be futile given the Court does not have a valid address for Plaintiff. Plaintiff will have an opportunity to file objections to these Findings and Recommendations, which may not technically be considered an "alternative" but will provide Plaintiff the chance to challenge this Court's rulings.

The last factor weighs against denial of the Complaint because public policy favors the disposition of cases on their merits. *Pagtalunan*, 291 F.3d 639 (citing *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998)). However, the Court finds that the other four factors weigh in favor of dismissal and therefore dismissal is an appropriate sanction in this matter.

Accordingly, it being found that Plaintiff failed to provide the Court with an updated mailing address and therefore failed to comply with this Court's orders and the Court finding the relevant factors weigh in favor of dismissing the Complaint filed pursuant to 42 U.S.C. § 1983, the Court enters the following:

## RECOMMENDATION

1. Plaintiff's Complaint (Document 2) and Amended Complaint (Document 12) should be **DISMISSED WITHOUT PREJUDICE**.

2. The Clerk of Court should be directed to enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court should be directed to have the docket reflect that the Court certifies

FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT WITHOUT PREJUDICE –CV-07-072-H-DWM-RKS / PAGE 4

pursuant to Rule 24(a)(4)(B) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.  Plaintiff has failed to provide the Court with a current address and failed to comply with a Court order.  Accordingly, no reasonable person could suppose that an appeal of this decision would have merit.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to these Findings and Recommendations within ten (10) business days of the date entered as indicated on the Notice of Electronic Filing.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file written objections may bar a de novo determination by the district judge and may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED this 20th day of October, 2008.

       /s/ Keith Strong
       Keith Strong
       United States Magistrate Judge