IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | | |
|---|---|---|
| KORI LANE LAKE, | ) | CV 07-72-H-DWM-RKS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| MIKE MAHONEY, Warden, Montana State Prison, | ) ) | |
| | ) | |
| Defendant. | ) ) | |

Plaintiff Lake filed this action pursuant to 42 U.S.C. § 1983 in November 2007. Plaintiff was granted in forma pauperis status on December 3, 2007. Plaintiff last made a filing on January 15, 2008. The Plaintiff's address listed in the Court's docket is Montana State Prison, but the Department of Corrections website no longer lists the Plaintiff as an inmate there. On September 12, 2008, the Court issued an Order requiring Plaintiff Lake to show cause why this case should not be dismissed for

failure to comply with the Local Rule 5.4 requiring parties to immediately notify the Clerk of Court of any change in address. Plaintiff has not responded.

On October 20, 2008, United States Magistrate Judge Keith Strong entered Findings and Recommendations in which he recommends dismissal of the Complaint for failure to comply with a court order under Fed. R. Civ. P. 41(b). Plaintiff Lake did not timely object and so has waived the right to de novo review of the record. 28 U.S.C. § 636(b)(1). This Court will review the Findings and Recommendation for clear error. McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." United States v. Syrax, 235 F.3d 422, 427 (9th Cir. 2000).

Judge Strong weighed the five factors to be considered in deciding whether to dismiss under Rule 41(b), as set out in Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002). Judge Strong found that the interest in expeditious resolution of cases, the Court's need to manage its docket, the prejudice to the Defendants and the availability of less drastic options all favor dismissal, while only the preference for resolution of cases on the merits does not. On this basis Judge Strong recommended that the case be dismissed for failure to comply with a court order. I can find no clear error with Judge Strong's recommendation and therefore adopt it in full.

Accordingly, IT IS HEREBY ORDERED that the Complaint is

dismissed for failure to comply with a court order under Fed. R. Civ. P. 41(b).

DATED this 17 day of November, 2008.

_____
Donald W. Molloy, District Judge
United States District Court

-3-